```
UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
***************************************
```

FLORA ROSA,

    Plaintiff,

v.

JASON T. SINGLETON, GELCO FLEET TRUST, ADVANCE AUTO PARTS, INC., ADVANCE STORES COMPANY, INCORPORATED, and AUTOPART INTERNATIONAL INC,

    Defendants.
```
***************************************
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/2024

**JOINT ELECTRONIC DISCOVERY SUBMISSION AND ORDER**

Civil Action No.: 1:24-cv-03537-ALC

    Parties to this litigation believe relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This joint submission and proposed order (and any subsequent to this) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this joint submission and proposed order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this submission may become necessary as more information becomes known to the parties.

    Pursuant to Fed. R. Civ. P. 26(f), counsel met and conferred regarding matters relating to electronic discovery on November 27, 2024. The parties have determined how to address preservation, search and review, source(s) of production, form(s) of production, identification or logging of privileged material, inadvertent production of privileged material, and cost allocation.

    The parties have the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation. Counsel will correspond with their respective clients to ensure retention of electronic data and implementation of a data preservation plan, identify potentially relevant data, identify the programs and manner in

1

which the data is maintained, identify computer system(s) utilized, and identify the individual(s) responsible for data preservation by December 11, 2024.

The parties have agreed on methodologies and protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. The parties have agreed to the use of keyword search lists, "hit reports", responsiveness rates, concept search, machine learning, and other reasonable advanced analytical tools if necessary. The fields or file types to be searched are as set forth in the discovery demands and as necessary to obtain relevant data to the claims and defenses in this action. Any date restrictions are as set forth in the discovery demands. Back-up, archival, legacy, and deleted electronically stored information will be searched if possible.

The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information: cell phone (including but not limited to photographs, videos, and metadata), email, word processing documents, spreadsheets, presentations, databases, text messages, instant messages, slack, web sites, and ephemeral data.

The parties agree that there will be no limit on the number of custodians and the parties will use as many custodians as reasonably necessary. The identity of custodians and location of data will be exchanged by the same date that the responses to the currently pending discovery demands are due. The date ranges for which potentially relevant data will be drawn is from are set forth in the discovery demands. The initial productions will be complete by the same date that the responses to the currently pending discovery demands are due. These shall be rolling productions such that if additional data and information become available to the parties or counsel, that should be exchanged within a reasonable time thereafter so as to avoid prejudice to the other parties.

The parties have agreed to identify privileged documents and when possible, disclose them in a redacted form. To the extent any documents are withheld, counsel will provide a log with the number of documents withheld which describes the nature of the documents, communications, or tangible things not produced or disclosed, and do so in a manner that will enable the other parties to assess the claim. This log must include a description of the document type(s), general subject matter(s), date(s), author(s), address(es) of maker(s) and any recipient(s), and where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each.

The parties agree that the inadvertent production of privileged documents will be subject to Fed R. Civ. Proc. 26(b)(5) and Fed. R. Evid. 502.

The parties have analyzed their clients' data repositories and have estimated the costs associated with the production of electronically stored information. The parties will not engage in cost-shifting or cost-sharing. The parties have considered cost-saving measures and agree to disclose information in electronic form rather than hard copy so long as the quality and legibility of the production are not compromised.

The parties have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications by the same date that the responses to the currently pending discovery demands are due.

The parties do not anticipate the need for judicial intervention concerning any electronic discovery issues.

The preceding constitutes the agreement(s) reached between the parties to matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

DATED:   New York, New York
December 2, 2024

| | |
|---|---|
| Plaintiff FLORA ROSA | /s/ Kathleen E. Beatty<br>KATHLEEN LAW P.C.<br>Attorney for Plaintiff<br>405 Lexington Avenue, 26th Floor<br>New York, NY 10174<br>(917) 979-2392<br>Kathleen@kathleen-law.com |
| Defendants JASON T. SINGLETON, GELCO FLEET TRUST, ADVANCE AUTO PARTS, INC., ADVANCE STORES COMPANY, INCORPORATED, and AUTOPART INTERNATIONAL INC, | /s/ Brian S. Gitnik<br>By: Brian S. Gitnik, Esq.<br>LITCHFIELD CAVO, LLP<br>Attorneys for Defendant<br>420 Lexington Avenue, Suite 2104<br>New York, NY 10170<br>(212) 434-0100 |

Dated: December 9, 2024
New York, New York

SO ORDERED:

_____
Hon. Henry J. Ricardo
United States Magistrate Judge

4