**DELIVER THESE PAPERS TO YOUR AUTOMOBILE LIABILITY INSURANCE CARRIER IMMEDIATELY.  YOUR FAILURE TO DO SO MAY RESULT IN THE LOSS OF COVERAGE.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FLORA ROSA,

     Plaintiff,

v.

JASON T. SINGLETON, GELCO FLEET TRUST, ADVANCE AUTO PARTS, INC., ADVANCE STORES COMPANY, INCORPORATED, AUTOPART INTERNATIONAL INC, and WORLDPAC, INC.,

     Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Docket No.:
1:24-cv-03537-ALC

**SECOND AMENDED COMPLAINT**

Plaintiff requests a jury trial.

Plaintiff FLORA ROSA, by her attorney KATHLEEN LAW P.C., as and for her complaint against defendants JASON T. SINGLETON, GELCO FLEET TRUST, ADVANCE AUTO PARTS, INC., ADVANCE STORES COMPANY, INCORPORATED, AUTOPART INTERNATIONAL INC, and WORLDPAC, INC. respectfully alleges, as follows:

## NATURE OF THE ACTION

1.    Plaintiff's complaint is rooted in negligence, carelessness, and/or recklessness.

2.    Plaintiff is seeking monetary damages for serious and severe personal injuries that she sustained in a motor vehicle collision.

## THE PARTIES

3.    Plaintiff, at all times herein mentioned, was and still is a citizen of the County of Orange, State of New York.

1

4.      Defendant GELCO FLEET TRUST, at all times herein mentioned, was and still is a foreign statutory trust corporation, organized and existing under the laws of the State of Maryland, with its principal place of business at 940 Ridgebrook Road, Sparks, Maryland 21152.

5.      Defendant GELCO FLEET TRUST, at all times herein mentioned, was conducting business in the State of New York.

6.      At all times herein mentioned, defendant GELCO FLEET TRUST transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

7.      At all times herein mentioned, defendant GELCO FLEET TRUST committed a tortious act within the State of New York.

8.      At all times herein mentioned, defendant GELCO FLEET TRUST committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

9.      At all times herein mentioned, defendant GELCO FLEET TRUST regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State.

10.     At all times herein mentioned, defendant GELCO FLEET TRUST expects or should reasonably expect the act to have consequences in New York and derives substantial revenue form intestate or international commerce.

11.     At all times herein mentioned, defendant GELCO FLEET TRUST does or solicits business, or engages in any other persistent course of conduct and derives substantial revenue from interstate or international commerce.

2

12.     Defendant GELCO FLEET TRUST had systematic and continuous activity in New York, to wit, being in the transportation business.

13.     At all times herein mentioned, defendant GELCO FLEET TRUST owned, used, or possessed any real property situated with the State of New York.

14.     The cause of action arises out of the business which defendant GELCO FLEET TRUST was engaged in the State of New York.

15.     Defendant ADVANCE AUTO PARTS, INC., at all times herein mentioned, was and still is a business corporation, organized and existing under the laws of the State of North Carolina, with its principal place of business at 2365 E. Millbrook Road, Raleigh, NC 27604.

16.     Defendant ADVANCE AUTO PARTS, INC., at all times herein mentioned, was conducting business in the State of New York.

17.     At all times herein mentioned, defendant ADVANCE AUTO PARTS, INC. transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

18.     At all times herein mentioned, defendant ADVANCE AUTO PARTS, INC. committed a tortious act within the State of New York.

19.     At all times herein mentioned, defendant ADVANCE AUTO PARTS, INC. committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

20.     At all times herein mentioned, defendant ADVANCE AUTO PARTS, INC. regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State.

21.    At all times herein mentioned, defendant ADVANCE AUTO PARTS, INC. expects or should reasonably expect the act to have consequences in New York and derives substantial revenue form intestate or international commerce.

22.    At all times herein mentioned, defendant ADVANCE AUTO PARTS, INC. does or solicits business, or engages in any other persistent course of conduct and derives substantial revenue from interstate or international commerce.

23.    Defendant ADVANCE AUTO PARTS, INC. had systematic and continuous activity in New York, to wit, being in the transportation business.

24.    At all times herein mentioned, defendant ADVANCE AUTO PARTS, INC. owned, used, or possessed any real property situated with the State of New York.

25.    The cause of action arises out of the business which defendant ADVANCE AUTO PARTS, INC. was engaged in the State of New York.

26.    Defendant ADVANCE STORES COMPANY, INCORPORATED, all times herein mentioned, was and still is a business corporation, organized and existing under the laws of the State of Virginia, with its principal place of business at 5008 Airport Road NW, Roanoke, VA 24018.

27.    Defendant ADVANCE STORES COMPANY, INCORPORATED, at all times herein mentioned, was conducting business in the State of New York.

28.    At all times herein mentioned, defendant ADVANCE STORES COMPANY, INCORPORATED transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

29.    At all times herein mentioned, defendant ADVANCE STORES COMPANY, INCORPORATED committed a tortious act within the State of New York.

30.    At all times herein mentioned, defendant ADVANCE STORES COMPANY, INCORPORATED committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

31.    At all times herein mentioned, defendant ADVANCE STORES COMPANY, INCORPORATED regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State.

32.    At all times herein mentioned, defendant ADVANCE STORES COMPANY, INCORPORATED expects or should reasonably expect the act to have consequences in New York and derives substantial revenue form intestate or international commerce.

33.    At all times herein mentioned, defendant ADVANCE STORES COMPANY, INCORPORATED does or solicits business, or engages in any other persistent course of conduct and derives substantial revenue from interstate or international commerce.

34.    Defendant ADVANCE STORES COMPANY, INCORPORATED had systematic and continuous activity in New York, to wit, being in the transportation business.

35.    At all times herein mentioned, defendant ADVANCE STORES COMPANY, INCORPORATED owned, used, or possessed any real property situated with the State of New York.

36.    The cause of action arises out of the business which defendant ADVANCE STORES COMPANY, INCORPORATED was engaged in the State of New York.

37.    Defendant AUTOPART INTERNATIONAL INC, at all times herein mentioned, was and still is a business corporation, organized and existing under the laws of the State of

5

Massachusetts, with its principal place of business at 192 Mansfield Avenue, Norton, MA 02766.

38.     Defendant AUTOPART INTERNATIONAL INC, at all times herein mentioned, was conducting business in the State of New York.

39.     At all times herein mentioned, defendant AUTOPART INTERNATIONAL INC transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

40.     At all times herein mentioned, defendant AUTOPART INTERNATIONAL INC committed a tortious act within the State of New York.

41.     At all times herein mentioned, defendant AUTOPART INTERNATIONAL INC committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

42.     At all times herein mentioned, defendant AUTOPART INTERNATIONAL INC regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State.

43.     At all times herein mentioned, defendant AUTOPART INTERNATIONAL INC expects or should reasonably expect the act to have consequences in New York and derives substantial revenue form intestate or international commerce.

44.     At all times herein mentioned, defendant AUTOPART INTERNATIONAL INC does or solicits business, or engages in any other persistent course of conduct and derives substantial revenue from interstate or international commerce.

45.     Defendant AUTOPART INTERNATIONAL INC had systematic and continuous activity in New York, to wit, being in the transportation business.

46.    At all times herein mentioned, defendant AUTOPART INTERNATIONAL INC owned, used, or possessed any real property situated with the State of New York.

47.    The cause of action arises out of the business which defendant AUTOPART INTERNATIONAL INC was engaged in the State of New York.

48.    Defendant WORLDPAC, INC., at all times herein mentioned, was and still is a foreign business corporation, organized and existing under the laws of the State of California, with its principal place of business at 700 Commerce Drive, Suite 500, Oak Brook, IL 60523.

49.    Defendant WORLDPAC, INC., at all times herein mentioned, was conducting business in the State of New York.

50.    At all times herein mentioned, defendant WORLDPAC, INC. transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

51.    At all times herein mentioned, defendant WORLDPAC, INC. committed a tortious act within the State of New York.

52.    At all times herein mentioned, defendant WORLDPAC, INC. committed a tortious act without the State of New York, causing injury to person or property within the State of New York.

53.    At all times herein mentioned, defendant WORLDPAC, INC. regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in New York State.

54.    At all times herein mentioned, defendant WORLDPAC, INC. expects or should reasonably expect the act to have consequences in New York and derives substantial revenue form intestate or international commerce.

55.    At all times herein mentioned, defendant WORLDPAC, INC. does or solicits business, or engages in any other persistent course of conduct and derives substantial revenue from interstate or international commerce.

56.    Defendant WORLDPAC, INC. had systematic and continuous activity in New York, to wit, being in the transportation business.

57.    At all times herein mentioned, defendant WORLDPAC, INC. owned, used, or possessed any real property situated with the State of New York.

58.    The cause of action arises out of the business which defendant WORLDPAC, INC. was engaged in the State of New York.

## JURISDICTION AND VENUE

59.    The parties are citizens of different states.

60.    The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

61.    The foregoing confer this court with original jurisdiction over the subject matter of this complaint and over parties hereto, pursuant to 28 U.S. Code § 1332.

62.    Venue is proper and appropriate in the United States District Court Southern District of New York, pursuant to 28 U.S. Code § 1391(b)(1), because the plaintiff is a citizen of the County of Orange, State of New York New York and was a citizen thereat at the time of the subject incident.

63.    Venue is proper and appropriate in the United States District Court Southern District of New York, pursuant to 28 U.S. Code § 1391(b)(2), because the motor vehicle collision, which is the subject matter of this action, occurred in the County of Orange, State of New York.

## FACTUAL BACKGROUND & CAUSE OF ACTION

64.    On February 16, 2024, defendant GELCO FLEET TRUST was the owner of a certain vehicle bearing New Jersey State License Plate No. XHMY11.

65.    On February 16, 2024, defendant GELCO FLEET TRUST was the registered owner of a certain vehicle bearing New Jersey State License Plate No. XHMY11.

66.    On February 16, 2024, defendant GELCO FLEET TRUST was the titled owner of a certain vehicle bearing New Jersey State License Plate No. XHMY11.

67.    On February 16, 2024, defendant GELCO FLEET TRUST was the lessor of a certain vehicle bearing New York Jersey License Plate No. XHMY11.

68.    On February 16, 2024, defendant AUTOPART INTERNATIONAL INC was a lessee of a certain vehicle bearing New Jersey State License Plate No. XHMY11.

69.    On February 16, 2024, defendant ADVANCE STORES COMPANY, INCORPORATED was a lessee of a certain vehicle bearing New Jersey State License Plate No. XHMY11.

70.    On February 16, 2024, defendant GELCO FLEET TRUST maintained a certain vehicle bearing New Jersey State License Plate No. XHMY11.

71.    On February 16, 2024, defendant ADVANCE AUTO PARTS, INC. maintained a certain vehicle bearing New Jersey State License Plate No. XHMY11.

72.    On February 16, 2024, defendant ADVANCE STORES COMPANY, INCORPORATED maintained a certain vehicle bearing New Jersey State License Plate No. XHMY11.

73.    On February 16, 2024, defendant WORLDPAC, INC. maintained a certain vehicle bearing New Jersey State License Plate No. XHMY11.

74.     On February 16, 2024, defendant AUTOPART INTERNATIONAL INC maintained a certain vehicle bearing New Jersey State License Plate No. XHMY11.

75.     On February 16, 2024, defendant JASON T. SINGLETON maintained a certain vehicle bearing New Jersey State License Plate No. XHMY11.

76.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11.

77.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the permission of the defendant GELCO FLEET TRUST.

78.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the knowledge of the defendant GELCO FLEET TRUST.

79.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the consent of the defendant GELCO FLEET TRUST.

80.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 on the business of the defendant GELCO FLEET TRUST.

81.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 in the course and scope of his or her employment with the defendant GELCO FLEET TRUST.

82.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the permission of the defendant AUTOPART INTERNATIONAL INC.

83.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the knowledge of the defendant AUTOPART INTERNATIONAL INC.

84.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the consent of the defendant AUTOPART INTERNATIONAL INC.

85.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 on the business of the defendant AUTOPART INTERNATIONAL INC.

86.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 in the course and scope of his or her employment with the defendant AUTOPART INTERNATIONAL INC.

87.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the permission of the defendant ADVANCE AUTO PARTS, INC.

88.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the knowledge of the defendant ADVANCE AUTO PARTS, INC.

89.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the consent of the defendant ADVANCE AUTO PARTS, INC.

90.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 on the business of the defendant ADVANCE AUTO PARTS, INC.

91.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 in the course and scope of his or her employment with the defendant ADVANCE AUTO PARTS, INC.

92.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the permission of the defendant ADVANCE STORES COMPANY, INCORPORATED.

93.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the knowledge of the defendant ADVANCE STORES COMPANY, INCORPORATED.

94.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the consent of the defendant ADVANCE STORES COMPANY, INCORPORATED.

95.     On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 on the business of the defendant ADVANCE STORES COMPANY, INCORPORATED.

96.    On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 in the course and scope of his or her employment with the defendant ADVANCE STORES COMPANY, INCORPORATED.

97.    On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the permission of the defendant WORLDPAC, INC.

98.    On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the knowledge of the defendant WORLDPAC, INC.

99.    On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 with the consent of the defendant WORLDPAC, INC.

100.    On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 on the business of the defendant WORLDPAC, INC.

101.    On February 16, 2024, defendant JASON T. SINGLETON operated a certain vehicle bearing New Jersey State License Plate No. XHMY11 in the course and scope of his or her employment with the defendant WORLDPAC, INC.

102.    At all times herein mentioned, it was the duty of defendant JASON T. SINGLETON to operate his vehicle in a reasonably safe and suitable manner under the prevailing conditions, to avoid foreseeable injury to fellow motorists, including but not limited to the plaintiff herein.

103.    At all times herein mentioned, it was the duty of defendants to maintain and entrust their vehicle in a reasonably safe and suitable manner under the prevailing conditions, to avoid foreseeable injury to fellow motorists, including but not limited to the plaintiff herein.

104.    At all times herein mentioned, it was the duty of defendants to hire, train, and retain their employees in a reasonably safe and suitable manner under the prevailing conditions, to avoid foreseeable injury to fellow motorists, including but not limited to the plaintiff herein.

105.    At all times herein mentioned, it was the duty of defendants to perform their work in a reasonably safe and suitable manner under the prevailing conditions, to avoid foreseeable injury to fellow motorists, including but not limited to the plaintiff herein.

106.    On February 16, 2024, at approximately 1:16 p.m., plaintiff FLORA ROSA was lawfully operating her vehicle bearing New York State License Plate No. HAM8415, in the vicinity of State Highway 17M and 419 State Route 17M, in the County of Orange, State of New York.

107.    On February 16, 2024, at approximately 1:16 p.m., defendant JASON T. SINGLETON operated the vehicle bearing New Jersey State License Plate No. XHMY11 in the vicinity of State Highway 17M and 419 State Route 17M, in the County of Orange, State of New York.

108.    On February 16, 2024, at approximately 1:16 p.m., the vehicle operated by defendant JASON T. SINGLETON struck the vehicle that was operated by plaintiff FLORA ROSA, bearing New York State License Plate No. HAM8415, in the vicinity of State Highway 17M and 419 State Route 17M, in the County of Orange, State of New York.

109.    The foregoing collision was due to the negligence, carelessness, and recklessness of defendants, their agents, servants, and/or employees in the ownership, maintenance,

inspection, repair, operation, and entrustment of the vehicle bearing New Jersey State License Plate No. XHMY11, in providing the vehicle to a driver when it was known that the driver was unfit to drive, in having actual and/or constructive notice of a defective condition and having a reasonable time to repair it, but failing to do so, in failing to adequately maintain the vehicle, in failing to yield the right of way, in failing to drive at a reasonable and appropriate speed for the roadway conditions then existing, in failing to stop, in failing to slow, in failing to wait, in failing to look, in failing to see that which was clearly there to be seen, in driving into the pathway of an oncoming vehicle, in failing to warn, in failing to sound the horn, in failing to exercise due care, in failing to signal, in failing to yield to a vehicle that was approaching so close as to constitute an immediate hazard, in making an unsafe lane change, in making an unsafe turn, in failing to hear and obey the warning sound of a horn from plaintiff's approaching vehicle, in striking the plaintiff's vehicle, in failing to obey New York State Vehicle and Traffic Law, in failing to abide by New York rules, regulations, ordinances, in the negligence in hiring, training, and retaining employees, agents, and/or servants, and in all other ways the defendants were negligent.

110.    Under New York Law, defendant GELCO FLEET TRUST, as owner of the motor vehicle bearing New Jersey State License Plate No. XHMY11, is responsible and liable for the negligent and/or reckless operation of its motor vehicle.

111.    As a direct result of the above referenced motor vehicle collision, plaintiff FLORA ROSA was seriously injured.

112.    The collision occurred as a result of the negligence and/or recklessness of defendants, their agents, servants, and/or employees, without any negligence attributable in any measure to plaintiff FLORA ROSA.

113.    Plaintiff FLORA ROSA sustained a serious injury, as defined in subsection (d) of section five thousand one hundred two of the New York State Insurance Law.

114.    Plaintiff FLORA ROSA sustained economic loss greater than basic economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

115.    Plaintiff FLORA ROSA sustained economic loss greater than basic economic loss, as defined in subsection (a) of section five thousand one hundred two of the New York State Insurance Law.

116.    By the aforesaid acts and omissions of the defendants, plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, pain and suffering, loss of earnings and future earning capacity, medical expenses, attorney fees, costs of suit, and other pecuniary loss not presently ascertainable for which the plaintiff will seek leave of the Court to amend once ascertained.

117.    By the aforesaid acts and omissions of the defendants, plaintiff has been directly and legally caused to suffer numerous serious physical injuries, all of which individually, or in combination, satisfy the serious injury threshold.

118.    As a further direct and legal result of the acts and conduct of the defendants, as aforesaid, plaintiff was caused to and did suffer from severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, and anxiety.

119.    Plaintiff believes, and therefore alleges, that some, if not all, of her injuries are reasonably certain to be permanent in character.

120.     After February 16, 2024, defendant WORLDPAC, INC. entered into a contract

or agreement whereby defendant WORLDPAC, INC. expressly assumed liability for damage

sustained by plaintiff caused by the subject motor vehicle collision on February 16, 2024.

121.     Pursuant to contract, defendant WORLDPAC, INC. is bound to assume and pay

plaintiff's damages for the subject motor vehicle collision on February 16, 2024.

122.     Plaintiff hereby demands a trial by jury in the above-captioned action, of all

issues triable by a jury, pursuant to the Federal Rule of Civil Procedure 38.

**WHEREFORE** plaintiff demand judgment against defendants, jointly, severally,

individually, and/or vicariously, on each and every cause of action set forth herein for damages,

costs, interest, counsel fees, as well as all other relief this court deems just and proper.

DATED: New York, New York
         September 4, 2025

**KATHLEEN LAW P.C.**


By:  /s/ Kathleen E. Beatty
     Kathleen E. Beatty, Esq.
     Attorney for Plaintiff
     405 Lexington Avenue, 26th Floor
     New York, NY 10174
     (917) 979-2392
     Kathleen@kathleen-law.com

17